IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IN RE:   SUPERIOR REAL ESTATE SOLUTIONS, LLC,          CASE NO. 4:22-bk-13494-R
               Debtor-in-Possession                                                    Chapter 11

### UNITED STATES TRUSTEE'S
### MOTION TO DISMISS OR CONVERT TO CHAPTER 7

Comes the United States Trustee by the undersigned counsel, and for his Motion to Dismiss or Convert to Chapter 7, respectfully states and alleges:

1.       This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and Local Rule 83.1 of the District Court.

2.       The captioned case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on December 15, 2022.

3.       The Debtor is a small business as that term is defined in 11 U.S.C. § 101(51D).

4.       The first meeting of creditors was held on January 12, 2023, concluded on March 14, 2023, and was conducted telephonically.

5.       On February 14, 2023, the United States Trustee docketed a Stipulated Scheduling Order (the "scheduling order").  An Order approving the scheduling order was entered on February 14, 2023.

6.       The scheduling order sets forth deadlines with which the Debtor must comply while the case is a pending Chapter 11 small business case.

7.       The Bankruptcy Code at 11 U.S.C. § 1112(b)(1) provides that when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of creditors and the estate. The examples listed under § 1112(b) are not exhaustive, and the Court has broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a Chapter

11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (B.A.P. 8th Cir. 2001).

8.　　Pursuant to 11 U.S.C. § 1112(b)(4)(A), cause for dismissal exists based on substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

9.　　The Debtor's case has been pending for eight (8) months. By filing bankruptcy, the Debtor has been provided an 8-month time frame which allowed time for business operations to be reviewed and a determination made of whether the business was viable and whether the Debtor could propose and confirm a plan. Based on the circumstances in this case, it does not appear that the Debtor's operations can produce sufficient income to reorganize the business and fund a plan.

10.　　Specifically, the Debtor is in the business of renting residential real estate and on the petition date claimed to have an ownership interest in three (3) rental properties: 1516 Kanis Village Drive in Little Rock, AR; 707 Loyola Drive in Little Rock, AR; and 27 Kalli Circle in Vilonia, AR (the "Rental Properties"). Upon information and belief, the Debtor has no other properties from which it earns income or any other sources than the Rental Properties' income to fund a chapter 11 plan.

11.　　 On December 15, 2022, creditor First Security Bank filed a Motion for Relief from Stay and Motion for Abandonment (Doc. #6) as to the Rental Properties.

12.　　The Motion for Relief (Doc. #6) was granted on January 26, 2023, lifting the stay as to the Rental Properties (Doc. #61).

13.　　On February 9, 2023, the Debtor filed a Motion to Reconsider (Doc. #66) the Order lifting the stay as to the Rental Properties, as well as a Notice of Appeal and Statement of Election, appealing the Order lifting stay to the Bankruptcy Appellate Panel (Doc. #69). The appeal was assigned case number 23-6002. The Court entered an order denying the Motion to Reconsider on

May 19, 2023 (Doc. #126).

14.     A review of the appellate docket shows that the Debtor was given until June 22, 2023 to lodge a transcript of the proceeding below with the bankruptcy appellate panel, and its Appellant's brief was due on July 24, 2022. The Debtor did not lodge the record, nor did it file an Appellant's brief by the deadline. The Court entered an order granting dismissal of the appeal on August 11, 2023 (Doc. #141).

15.     Based on the above facts, the Debtor has failed to prosecute its appeal concerning the Rental Properties, which represented the Debtor's only income source. Without the Rental Properties, the United States Trustee contends that the Debtor has suffered a substantial loss to the estate and that there is not a reasonable prospect for reorganization.

16.     Additionally, pursuant to 11 U.S.C. § 1112(b)(4)(F), cause for dismissal exists due to unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.

17.     Chapter 11 debtors are required to provide monthly operating reports during the pendency of the case.   *See* 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8); Fed. R. Bankr. P. 2015(a)(3).   The reports are due on the 21st day of the month following the end of the period.

18.     As of the filing of this motion, the Debtor has failed to file the operating reports for the period of December 15 through December 31, 2022, January 2023, February 2023, March 2023, April 2023, May 2023 and June 2023, and has failed to provide bank reconciliations for all accounts and to report the reconciled balances on the operating reports. Debtor has failed to provide copies of its check register to report check date, number, payee, amount and purpose of payments.

19.     Operating reports are a source of vital, financial information which creditors and other parties in interest may access in order to make an informed decision on the merits of the Debtor's disclosure statement and plan. Without the reports, the Office of United States Trustee

("OUST") has no means of determining the feasibility of Debtor's continued operations and/or ability to fund a plan.

20.     Debtor's failure to file complete monthly operating reports, including monthly bank statements, reconciliations, and copies of the check registers, in accordance with the United States Trustee's guidelines and as required by Local Rule 1020.1, makes it impossible to determine whether or not the Debtor is appropriately accounting for income and expenses during the bankruptcy case. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession in a Chapter 11 case assumes the rights and duties of a trustee and, accordingly, is treated as a fiduciary for the estate.

21.     Pursuant to 11 U.S.C. § 1112(b)(4)(H), cause for dismissal exists due to failure to timely provide information or attend meetings reasonably requested by the United States Trustee.

22.     At the debtor interview held on January 3, 2023, Debtor was instructed to open a bank account at Centennial Bank and provide proof of opening the account by submitting a voided check to the OUST within 21 days from the date of the debtor interview. As of the filing of this motion, Debtor has failed to submit the voided check to the OUST.

23.     Debtor has a duty to submit to the OUST copies of tax returns. At the debtor interview held on January 3, 2023, Debtor was instructed to submit tax returns for the years 2020 and 2021. As of the filing of this motion, Debtor has failed to submit the returns to the OUST.

24.     Debtor has failed to comply with the terms of the scheduling order.

25.     Based on the foregoing, there appears to be very little likelihood that the Debtor can successfully propose and confirm a plan of reorganization. The Debtor has failed to prosecute its appeal of the Order lifting stay as to the Rental Properties, which represented the Debtor's only source of income for a chapter 11 plan. The Debtor has also failed to comply with the reporting requirements to be a chapter 11 Debtor.

26.     Cause exists pursuant to 11 U.S.C. § 1112 to dismiss or convert this case.

– 4 –

27.    Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay to the United States Trustee a minimum of $250 for each quarterly period, including any fraction thereof, until a Plan is confirmed, or the case is converted or dismissed, whichever occurs first. As of the filing of this motion, the Debtor owes $750.00 in quarterly fees for the fourth quarter of 2022, and the first and second quarters of 2023.

28.    Pursuant to 11 U.S.C. § 1112(b)(3), the court shall commence the hearing on a motion under 11 U.S.C. § 1112 not later than 30 days after the filing of the motion and shall decide the motion not later than 15 days after commencement of such hearing. The United States Trustee hereby waives the 30-day hearing requirement.

WHEREFORE, the United States Trustee respectfully requests the entry of an order converting the Chapter 11 case to a case under Chapter 7; or in the alternative, an order dismissing the Chapter 11 case; and all other proper relief to which he may be entitled.

Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

PATRICIA J. STANLEY
ASSISTANT UNITED STATES TRUSTEE

By:    /s/ Kathryn M.C. Worlow
KATHRYN M.C. WORLOW, Bar No. 2018027
Trial Attorney
200 West Capitol Avenue, Suite 1200
Little Rock, AR 72201-3618
Telephone: (501) 324-7357
Email: Kathryn.M.Worlow@usdoj.gov

– 5 –

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have mailed a copy of the foregoing pleading to the following by first class mail with sufficient postage thereon on this 14th day of August, 2023:

Superior Real Estate Solutions, LLC
1122 Main St., Suite 7
Vilonia, AR 72173

/s/ Kathryn M.C. Worlow
Kathryn M.C. Worlow